**WILLIAM HENDERSON (Partnership), v. COMMISSIONER OF INTERNAL REVENUE.**

No. 11027.

Circuit Court of Appeals, Fifth Circuit.

Feb. 14, 1946.

Rehearing Denied March 15, 1946.

Carl J. Batter, of Washington, D. C., for petitioner.

Maryhelen Wigle and Helen R. Carloss, Sp. Assts. to the Atty. Gen., Sewall Key, Acting Asst. Atty. Gen., and J. P. Wenchel, Chief Counsel, Bureau of Internal Revenue, and Raymond F. Brown and Royal E. Maiden, Jr., Sp. Attys., Bureau of Internal Revenue, all of Washington, D. C., for respondent.

Before SIBLEY, HOLMES, and Mc-CORD, Circuit Judges.

HOLMES, Circuit Judge.

This is a petition for review of a decision of the Tax Court denying any refund of processing taxes allegedly due petitioner in the sum of $1,138,421.82 for the period extending from June 8, 1934, to October 31, 1935. The taxes were paid under the Agricultural Adjustment Act, 7 U.S.C.A. § 601 et seq., which was held unconstitutional by the Supreme Court in United States v. Butler, 297 U.S. 1, 56 S.Ct. 312, 80 L.Ed. 477, 102 A.L.R. 914.

As a processor of raw sugar, the taxpayer filed a claim for refund of such taxes under Title VII of the Revenue Act of 1936, 7 U.S.C.A. § 644 et seq., which claim was disallowed by the Commissioner. A petition for review of such disallowance was duly filed with the United States Processing Tax Board of Review, and the case came before the Tax Court for hearing under the provisions of Section 510 of the Revenue Act of 1942, 7 U.S.C.A. § 648.

Section 902 of Title VII of the Revenue Act of 1936 provides that no refund shall be made or allowed of any amount paid or collected under the Agricultural Adjustment Act unless the claimant establishes to the satisfaction of the Commissioner that he bore the burden of such amount and has not been relieved thereof, nor reimbursed therefor, nor shifted such burden, directly or indirectly, as set forth in that section. Since the amount of taxes paid is not disputed, the question presented in this case is whether the Tax Court erred in holding that the petitioner failed to prove that he bore the ultimate burden of the tax.

The taxpayer's statutory margin for the tax period was greater than its margin for the base period. Therefore, there is no presumption arising from the margin evidence that is favorable to the taxpayer; and, as stated in Webre Steib Co. v. Commissioner, 324 U.S. 164, 171, 65 S.Ct. 578, it is unnecessary (by making the

presumption operate in favor of the Commissioner) to place a burden of going forward with the evidence on the claimant, because it has that burden anyway as well as the burden of proof. In its final analysis, then, the question before us is whether the evidence in the record would permit a finding that petitioner shifted the entire burden of the tax.[1] We must determine whether the evidence is legally sufficient to support the finding, but we may not weigh it.[2]

■ The Tax Court excluded all consideration of the effect of any statutory presumption, and held upon the evidence of record before it that the petitioner did not bear the burden of all or any ascertainable portion of the taxes sought to be recovered. Among the facts, which we think are sufficient to uphold this decision, are the following: It is established without contradiction that petitioner, along with the entire sugar industry in this country, increased the sale price of sugar by approximately the amount of the tax on the very day that the processing tax went into effect. It is a fair inference that this was done for the purpose of passing on the tax to the vendees. It does not appear, and petitioner does not claim, that the sale price was ever reduced during the tax period by the amount of the tax or for the purpose of its elimination from the sale price. In a number of instances petitioner billed its vendees for the tax as a separate item. There were nineteen of these transactions, and it is conceded that the total of these items was passed on to the vendees.

In a book kept by petitioner's sales manager, now deceased, the following notation was made as of June 8, 1934: "6/8/34— 11.23 A.M. Advance to $4.65 to cover sugar process tax." The processing tax rate was $.55 per cwt. The June 7th sale price was $4.10. There was a further advance to $4.75 between June 25 and June 30, 1934. A sales contract that petitioner executed with one of its customers in Chicago on July 22, 1935, confirming the sale of 1600 pounds of sugar at $4.90 f.o.b. New Orleans less "10¢ per cwt. special allowance," carried the following typed-in provision: "It is mutually understood that the basic price includes processing tax of 53.5 cwt. which is to be credited to buyers account if refunded to or withheld by seller due to tax being illegally assessed."

With the statutory margin comparison unfavorable to its claim and with the burden of proof upon it, the petitioner went forward with the evidence in an effort to show, in accordance with section 907(e),[3] that the higher margin during the tax period was due to changes in factors other than the tax. It is averred that there were eight of these new or different factors, as follows: increased expenses, failure to realize on refined sugar sales, failure to realize on soft sugar sales, profit on unsold-unhedged sugar purchase of raw sugar, duty saving on sugar placed in bond, saving by duty reduction, the quota system.

The Tax Court set forth the basic facts from which these factors other than the tax were said to have arisen, and found that they did not affect the margins as claimed by petitioner. In any event the court held that the evidence as a whole failed to show that the taxpayer bore the burden of any portion of the taxes sought to be recovered. We find no error in this ruling, especially when we consider the holding in Webre Steib Co. v. Commissioner, 324 U.S., page 174, 65 S.Ct. 578, that a finding based solely on the margin comparisons would not be irrational. Here the decision of the Tax Court is supported not only by the margin comparisons but by other substantial evidence.

Affirmed.

[1] Webre Steib Co. v. Commissioner, supra, 324 U.S. page 171, 65 S.Ct. 578.

[2] Dobson v. Commissioner, 320 U.S. 489, 64 S.Ct. 239, 88 L.Ed. 248.
[3] 7 U.S.C.A. § 649.