## REALTY OPERATORS, Inc., v. COMMISSIONER OF INTERNAL REVENUE.

### No. 11424.

Circuit Court of Appeals, Fifth Circuit.

Feb. 18, 1946.

Rehearing Denied March 15, 1946.

C. J. Batter, of Washington, D. C., for petitioner.

Maryhelen Wigle and Helen R. Carloss, Sp. Assts. to Atty. Gen., Sewall Key, Acting Asst. Atty. Gen., and J. P. Wenchel, Chief Counsel, Bureau of Internal Revenue, Raymond F. Brown and R. E. Maiden, Jr., Sp. Attys., Bureau of Internal Revenue, all of Washington, D. C., for respondent.

Before SIBLEY, HOLMES, and McCORD, Circuit Judges.

HOLMES, Circuit Judge.

This is an action against the United States to recover sugar-processing taxes paid by Realty Operators, Incorporated. It was preceded by a timely claim for refund, filed with the Commissioner of Internal Revenue. This claim was disallowed in full. Thereupon, the taxpayer filed its petition for a hearing on the merits with the Board of Review,[1] an administrative agency in the Treasury Department, which petition was transferred to the Tax Court.[2] Our jurisdiction to review the decision of said court is invoked pursuant to Sections 1141 and 1142 of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, §§ 1141, 1142.

The Tax Court made no finding of fact as to whether the margin comparisons were favorable or unfavorable to the taxpayer. It first considered the case without resort to statutory presumptions, and determined that petitioner, along with the entire sugar industry, increased its price of sugar in the amount of the tax on the very day that the tax went into effect, and that the price was not reduced at any later time by the amount of the tax or for the purpose of subtracting the tax from the sales price. The court therefore concluded, without recourse to any presumption, that petitioner shifted the entire burden of the tax through inclusion of the entire amount thereof in the price of the sugar.

The court then resolved all controversies with regard to the margin comparisons in favor of the taxpayer; and assumed, without deciding, that the margin during the tax period was lower than the margin during the period before and after the tax. This raised a presumption in favor of the taxpayer under Section 907 of the Act,[3] which the court held was entirely rebutted by proof that the claimant increased its selling price of sugar by the amount of the tax on the day that the tax went into effect, and that the price was not reduced at any later time by the amount of the tax or for the purpose of deducting the tax from the selling price. The claimant in turn sought to establish that this increase was caused by changes in factors other than the tax. The court said that, while the record showed that changes occurred during the tax period in the type of commodity produced by petitioner and in the cost of production, there was no proof that these changes occurred at the time of the price increase, or were reasonably to be anticipated at that time, or in any way caused the price increase in substantially the amount of the tax, which occurred at the time when the tax went into effect.

The evidence in the record supports the findings of the Tax Court that the claimant participated in the nation-wide increase in the price of sugar in the amount of the tax on the very day that the tax went into effect, and that the price was not reduced at any later time by the amount of the tax or for the purpose of subtracting the tax from the selling price. Petitioner contends that the increase in price made by the sugar industry on June 8, 1934, was caused by the quota system, which became effective as of that date, and that the quota-control must be considered a factor under said Section 907(e) (2).[4] The Tax Court found that the quotas placed upon the importation of sugar made the price increase possible, but that the increase was made not only when the tax went into effect but in the approximate amount of the tax, and that this indicated clearly that the petitioner was shifting the entire burden thereof by the increase in price. The claimant failed to show that this price increase was caused by factors other than the processing tax.

[1] Established by virtue of Section 906 of the Act of June 22, 1936, 49 Stat. 1748, 7 U.S.C.A. § 648(b).

[2] Effective as of the close of business on December 31, 1942, said Board of Review was abolished and its jurisdiction transferred to and vested in the Board of Tax Appeals, now known as The Tax Court, an independent agency in the executive branch of the Government. 56 Stat. 957, 967, 53 Stat. 158, 26 U.S.C.A. Int.Rev. Code, §§ 1100, 1101, 1101 note.

[3] Act of June 22, 1936, 49 Stat. 1751, 7 U.S.C.A. § 649(a).

[4] 7 U.S.C.A. § 649(e) (2).

Conceding, as did the Tax Court, that the presumption here was in favor of the claimant, we think the proof introduced by the Commissioner was sufficient to support a finding that the entire tax was shifted. Evidence that petitioner increased its selling price of sugar in the amount of the tax on the very day that the tax went into effect, and never reduced it during the tax period, was exactly the kind of evidence mentioned in the statute as sufficient to rebut the presumption in favor of the taxpayer. Therefore, upon the authority of Webre Steib v. Commissioner, 324 U.S. 164, 65 S.Ct. 578, the decision of the Tax Court is

Affirmed.