COATES v. COMMISSIONER OF INTERNAL REVENUE.

No. 11900.

Circuit Court of Appeals, Fifth Circuit.

May 19, 1947.

---

Theodore B. Benson, of Washington, D. C., for petitioner.

Irving I. Axelrod, A. F. Prescott, Newton K. Fox, Sp. Assts. to Atty. Gen., Sewall Key, Acting Asst. Atty. Gen., and J. P. Wenchel, Chief Counsel, Bureau of Internal Revenue, and Raymond F. Brown and Lloyd C. Hooks, Sp. Attys., Bureau of Internal Revenue, all of Washington, D. C., for respondent.

Before SIBLEY, HUTCHESON, and LEE, Circuit Judges.

HUTCHESON, Circuit Judge.

Petitioner's claim for refund of processing taxes paid under the provisions of the Agriculture Adjustment Act, 7 U.S.C.A. § 601 et seq., on the processing of hogs and hog products was disallowed by the Commissioner. At a hearing in the Tax Court of the United States, he undertook to show that the company had borne the burden of the tax and had not been relieved therefrom nor reimbursed therefor, nor had it shifted such burden directly or indirectly.

The Tax Court, in an opinion setting out fully its findings of fact and its conclusions thereon, determined that petitioner had not borne the burden the statute imposes.[1]

Here, urging that the evidence affords no basis for the findings of the Tax Court. that he did not bear the burden imposed by statute, petitioner insists that the contrary conclusion is demanded.

 Drawn to prevent the unjust enrichment which would result if the manufacturer, having passed the tax on, recovered it back from the government, the burden imposed by the statute is one not easily borne except where records showing as to each specific sale that the company bore the burden of the tax are well kept and well preserved. Where, as here, the proof shows that the company added the tax to its costs in fixing the price [2] and that it tried to pass the tax on,[3] and there is no evidence, oral or written, supporting the opinion that it was not able to do it, the petitioner finds himself hard put to it to maintain that he made the statutory showing entitling him to a refund.

As the record comes up to us, it consists of the testimony of Ungerman, set out in the note, the quite general testimony of one Edinger, as to the basis generally used for the determination of wholesale and retail live stock prices, and of one Bruce, that he had kept the figures for the purpose of determining processing tax rates on the hogs slaughtered and processed, and of the findings of fact by the Tax Court. There is nothing in the testimony except the bare statement of the president, that he tried, but was unable to pass the processing tax on, even tending to overcome the effect of the finding of the Tax Court that petitioner

---

[1] 7 U.S.C.A. § 649.

[2] The Tax Court found that the company made up its weekly selling price list for pork and pork products on the basis of a 20 percent mark up over the amount which it was currently paying for hogs. It usually revised its price list early each week during the period the processing tax was in effect, and it included the amount of the tax as a part of the cost of the live hogs before applying the 20 percent mark up to determine the selling price of its products.

[3] Ungerman, its president, testified, "The selling price was—We made an effort to advance the sales price to absorb the tax in whole or in part, but we were not able to do it."

had not as a matter of fact borne the burden the statute imposed. There is certainly nothing in the findings of fact on which the Tax Court based its opinion. On the contrary, the findings of fact support it. First they show that the company's sales tickets, which if available might form a basis for showing the gross sales price of beef and pork respectively, cannot be located after diligent search except for the period, April, 1934, to December, 1935, and that these tickets show the gross sales price of all of the company's products and do not of themselves disclose gross sales price for the processed commodity as such. Next they show that petitioner failed to establish that the statutory margins were favorable to him and that the proof affirmatively showed that they were unfavorable.

With the statutory presumptions thus against him and with his records incomplete, petitioner was forced in the Tax Court to rely upon a series of intricate calculations based largely on assumptions that the company suffered greater losses in the tax period than in the base period, and the contention that this, therefore, demonstrates that the company must have absorbed the tax. The Tax Court pointed out the serious difficulty in petitioner's way arising out of the fact that the company's presently available records are incomplete and that the figures on which petitioner's contention is based depend entirely on assumption, whereas the statute requires that, in order to obtain a refund, the proof must be clear, definite and positive that the burden of the tax was borne and was not shifted in any way.

■ Here, in addition to his difficulties below, petitioner has the additional one that the findings of the Tax Court are against him and that thtose findings, if supported by evidence, are binding. We are greatly impressed with the fair and painstaking efforts of the Tax Court to pierce the obscurities of the evidence to find the truth of the matter instead of, as it might so easily have done, refusing to struggle with the record, which petitioner's proof had left woefully incomplete. Upon a careful analysis of the evidence, as set out in the opinion, an analysis in no manner shaken by petitioner's efforts in his brief to whittle it away, the opinion reaches the firm and unshakable conclusion that petitioner has failed to discharge his burden.

■■ We agree with that opinion. Petitioner's main, if not his sole, reliance seems to be on his contention that the company sold its products at a greater loss in the tax than in the base period. Assuming, though the Tax Court found to the contrary, that he did prove this, this would not constitute sufficient proof that the company bore the burden of the tax. It stands established that the processing tax entered into the items of cost which made up the price at which the products were sold, and there is no proof that the tax as such was ever excluded from that price. At least part of the tax must, therefore, have been passed on, and there is no proof whatever as to what this part was. At best this proof would be a ground for a finding that some of the tax was borne and not passed on, and the record showing no more, petitioner's burden would not be discharged. We think, though, that the record is not even in as good shape as this for the petitioner. Establishing, as it does, that the company's margin was more favorable to it in the tax than in the base period, it is quite evident that without some showing of an apportionment, of the price received, between the tax and other elements of cost, there is no basis to determine how much of the tax was received and thus passed on, how much of it was borne. The claim that the company was doing business in a competitive market and, therefore, the amount of the tax could not be added to the price is a mere assertion without proof. In the first place, the competitors no doubt included the tax in their prices, and, in the second place, it has been well settled that increase in selling price not shown to be due to other costs has been held to establish that the whole tax was passed on. Realty Operators v. Commissioner, 5 Cir., 153 F.2d 551, Henderson v. Commissioner, 5 Cir., 153 F.2d 442.

■ We find no basis for disturbing the order of the Tax Court denying petitioner a refund, and its order is affirmed.